Citation Nr: 1826230 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 13-05 390 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a kidney disorder, to include as secondary to service-connected hypertension.

2. Entitlement to service connection for a heart disorder, to include as secondary to service-connected hypertension.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Howell, Associate Counsel




INTRODUCTION

The Veteran served on active duty from January 1972 to January 1975, and from April 1976 to April 1993.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida (hereinafter Agency of Original Jurisdiction (AOJ)). In preparing to decide the issue on appeal, the Board has reviewed the contents of the Veteran's electronic files, including Legacy Content Manager and Veterans Benefit Management System (VBMS) claims files. All records are now in these electronic systems.

In a March 2018 statement, the Veteran's representative requested waiver of initial review by the AOJ for further evidence submitted concerning this appeal. See 38 C.F.R. § 20.1304(c) (2017).

In April 2015 and July 2017, the Board remanded the appeal for further development. The appeal has been returned to the Board for further adjudication.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

In this case, a remand is necessary to ensure compliance with the Board's August 2016 remand. See Stegall v. West, 11 Vet. App. 269, 271 (1998) (holding that a remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders).

In the July 2017 remand, the Board instructed the AOJ to obtain VA addendum opinions regarding the nature and etiology of any diagnosed kidney and heart disorders. In the remand, the Board noted that the record contained a June 2016 VA report of general information that reported the Veteran no longer wanted to pursue her claims of arteriosclerotic heart disease and nephrolithiasis. In November 2016, the AOJ sent the Veteran a letter stating that she must fill out a VA Form 21-04138 in order to withdraw these claims. According to the July 2017 remand, "Until the Veteran files formal notice withdrawing these claims, the addendum opinions are required, to ensure compliance with the Board's April 2015 remand."

The claims file contains a note from January 2018 indicating that VA had spoken to the Veteran, and she had stated that she did not want to pursue these claims. Additionally, a March 2018 report of general information indicates that VA has unsuccessfully attempted to contact the Veteran regarding these claims. However, VA did not attempt to obtain addendum opinions, which require a review of the file but do not require the Veteran's presence. Further, the claims file does not contain any evidence that a VA examiner determined an examination, rather than a review of the claims file, was necessary to respond to the July 2017 remand instructions. The file also does not contain evidence that VA notified the Veteran that she must fill out a VA Form 21-04138 in order to withdraw these claims. Finally, the Veteran's representative filed an April 2018 appellant's brief requesting that VA obtain the addendum opinions.

The July 2017 remand also instructed the AOJ to obtain VA treatment records since July 2017. The AOJ does not appear to have done so.

Accordingly, the case is REMANDED for the following action:

1. Obtain VA treatment records since July 2017. If no records are available, the claims folder must indicate this fact. Any additional records identified by the Veteran during the course of the remand should also be obtained, following the receipt of any necessary authorizations from the Veteran, and associated with the claims file.

2. After obtaining any additional records to the extent possible, an appropriate medical examiner should review the entire claims file and provide the following opinions:

a. Whether the Veteran has any current or previously-diagnosed kidney disability, to include kidney stones, acute renal failure, and chronic kidney disease;

b. whether it is at least as likely as not (a 50 percent or better probability) that any current or previously-diagnosed kidney disability, to include kidney stones, acute renal failure, and chronic kidney disease, was incurred in or aggravated by the Veteran's service; and

c. whether the Veteran has any current or previously-diagnosed kidney disability, to include kidney stones, acute renal failure, and chronic kidney disease, that (i) is proximately due to the Veteran's service-connected hypertension or (ii) was aggravated by the Veteran's service-connected hypertension.

The examiner should provide a complete rationale for any opinions offered. If the examiner is unable to provide any requested opinion without resort to speculation, he or she should explain why this is so.

The need for an additional examination of the Veteran is left to the discretion of the examiner selected to write the addendum opinion. However, if the Veteran is unavailable for an examination, the examiner should either complete the addendum opinion or explain why such an opinion cannot be completed without an examination.
3. After obtaining any additional records to the extent possible, an appropriate medical examiner should review the entire claims file and provide the following opinions:

a. Whether the Veteran has any current or previously-diagnosed heart disability, to include hyperlipidemia, mitral valve disease, left ventricular hypertrophy, mitral valve regurgitation, and mild tricuspid regurgitation;

b. whether it is at least as likely as not (a 50 percent or better probability) that any current or previously-diagnosed heart disability, to include hyperlipidemia, mitral valve disease, left ventricular hypertrophy, mitral valve regurgitation, and mild tricuspid regurgitation, was incurred in or aggravated by the Veteran's service; and

c. whether the Veteran has any current or previously-diagnosed heart disability, to include hyperlipidemia, mitral valve disease, left ventricular hypertrophy, mitral valve regurgitation, and mild tricuspid regurgitation, that (i) is proximately due to the Veteran's service-connected hypertension or (ii) was aggravated by the Veteran's service-connected hypertension.

The examiner should provide a complete rationale for any opinions offered. If the examiner is unable to provide any requested opinion without resort to speculation, he or she should explain why this is so.

The need for an additional examination of the Veteran is left to the discretion of the examiner selected to write the addendum opinion. However, if the Veteran is unavailable for an examination, the examiner should either complete the addendum opinion or explain why such an opinion cannot be completed without an examination.

4. Thereafter, readjudicate the claims. If the claims remains denied, a supplemental statement of the case must be provided to the Veteran and her representative.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. See 38 U.S.C. §§ 5109B, 7112 (2012).





_________________________________________________
T. MAINELLI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).